■ LAMBERT A. COFFIN, Appellant, v. JOHN P. CUNNINGHAM, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Upon the trial a sharp issue of fact was presented as to how far into the highway defendant had backed his automobile from a driveway, as the tractor trailer in which the plaintiff was a passenger came down the highway. The testimony of the witness Mathous, who came upon the scene shortly after the accident, as to his observations of tire marks in new fallen snow in the highway and running to a vehicle parked in the driveway was admissible. The trial court erred in striking this testimony after the receipt thereof. It was for the jury to evaluate the testimony and draw such inferences as might be proper from the proven facts. (Appeal from judgment of Jefferson Trial Term for defendant for no cause of action in an automobile negligence action.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ LEWIS McCLINSEY, Respondent, v. NIAGARA FRONTIER TRANSIT SYSTEM, INC., Appellant.— Judgment and order unanimously affirmed, with costs. (Appeal from judgment of Niagara Trial Term for plaintiff in a bus line negligence action. The order denied defendant's motion for a new trial on the ground of newly discovered evidence.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD JOHN SIMARI, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Erie County Court convicting defendant of the crimes of burglary, third degree, and grand larceny, first degree.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ LAWRENCE FREEBORN, by DELBERT FREEBORN, His Guardian ad Litem, Appellant, v. BLOUNT LUMBER COMPANY, INC., et al., Defendants, and IAN L. RICHARDS, Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. (Appeal from judgment of Erie Trial Term for defendant Richards against plaintiff for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ DELBERT FREEBORN, Appellant, v. BLOUNT LUMBER COMPANY, INC., et al., Defendants, and IAN L. RICHARDS, Respondent.— Judgment and order unanimously affirmed, without costs of this appeal to either party. Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ CEFFIE WEST, Respondent, v. GEORGE GIBSON et al., Appellants.— Judgment unanimously affirmed, with costs. (Appeals from judgment of Niagara Trial Term for plaintiff and against both defendants in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ NICOLETTA LEO, Respondent, v. LAURA REILE, Appellant.— Judgment and order unanimously affirmed, without costs of this appeal to either party. Memorandum: Defendant appeals from a judgment in favor of the plaintiff. Issues of fact were presented as to defendant's negligence and plaintiff's freedom from contributory negligence. These issues were for the jury and upon the record it cannot be found that the verdict was against the weight of the credible evidence. Errors were committed by the trial court but in our opinion they were not of sufficient substance to require a new trial. It obviously was erroneous to permit plaintiff to testify over objection as to conversations with her son in which the latter identified the vehicle in question as a 1946 Buick. Plaintiff was unable to identify the automobile and this hearsay evidence supplied a link in the chain to connect the car with defendant. However, adequate proof of the ownership of the car was subsequently supplied by evidence of the license number thereof and the testimony of one in charge of the records of the